## Kindling Machinery Company, Appellant, v. York City.

*Municipalities—Municipal contract—Authority of councils—Illegal contract—Purchase of street cleaning machinery.*

The purchase of a street cleaning machine by the highway committee of councils of a city of the third class, is invalid, where there has been no prior action of councils on the subject, and no appropriation made for the purchase. The use of the machine by the highway committee after councils had expressly refused to ratify the purchase, and a mere general vote of confidence in the highway committee, are not circumstances showing ratification of the illegal contract.

Submitted April 18, 1913. Appeal, No. 20, March T., 1913, by plaintiff, from judgment of C. P. York Co., Aug. T., 1911, No. 122, on verdict for defendant in case of Kindling Machinery Company v. York City. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for the price of a street cleaning machine. Before WANNER, P. J.

At the trial the court gave binding instructions for defendant.

Verdict for defendant.

On a motion for judgment for plaintiff n. o. v. WAN-NER, P. J., filed the following opinion:

The court at the trial of this case gave binding instructions in favor of the defendant, whereupon the plaintiff moved for a new trial and for judgment non obstante veredicto, in its favor, for the amount in suit.

There was no substantial conflict of testimony at the material facts of the case.

On April 28, 1910, at a meeting of the highway committee of the councils of the city of York, a resolution was adopted authorizing Mr. Bahn, the chairman of said committee, to purchase a street cleaning machine, at a cost not to exceed $1,500. In pursuance of that resolution he ordered a machine known as the "Kindling Squeegee Street Washing Machine" from the plaintiff's agent on April 29, 1910, for $1,200, f. o. b. Milwaukee, subject to ten days' trial before acceptance.

The machine was delivered for trial May 12, 1910, with instructions to the defendant's employees as to its use and operation.

Ten days later the chairman of the highway committee reported to the plaintiff's agent that it was working satisfactorily, but there was no acceptance of it by the committee at that time.

The machine remained in the control of the highway department of the city and was used by order of the highway committee, during a portion of the summer of 1910, and it was again used by the city in the spring of 1911, but to what extent, does not appear in the evidence.

There was no formal acceptance of it by councils at any time, nor was the machine ever returned to the plaintiff or its agent, by the highway committee.

It further appears that two small bills of $1.99 and forty cents, respectively, were paid by the city in 1910, for repairs to said machine, while it was in the use of the highway committee. The first item was paid during the ten days of trial stipulated for in the contract.

Payment of the bill for said machine was refused by the city, on the ground that the highway committee had no legal authority to purchase it, and that the city was not bound by the contract of the chairman of said committee, made without the approval of the city councils, and with no prior appropriation for the purpose.

On September 16, 1910, and on October 7, 1910, ordinances formally ratifying the purchase of the Squeegee Street Washing Machine were defeated in the common council, and a similar ordinance was defeated in the select council, on June 2, 1911. A resolution providing for horses for use in its operation was also defeated in councils on June 2, 1911.

Shortly before the defeat of the last ratification ordinance, viz.: on March 5, 1911, a "vote of confidence" was extended by joint councils "to the highway committee in purchasing the Squeegee Sweeper." The plaintiff now relies on this vote of confidence as a sufficient ratification of the purchase of said machine to base a recovery upon. But ratification is always a matter of intention on the part of the party whose act is supposed to have that effect.

In this instance the records of the city councils show that this vote of personal confidence in the highway committee was the result of a heated discussion in joint councils, as to why the streets of the city were not being properly cleaned.

But it was not even in form an express ratification of the purchase of the machine, and the chair, before putting the question also specifically stated that no one's vote on this expression of confidence in the committee, would bind him on the question of passing an ordinance for the purchase of the sweeper.

These facts and circumstances in our opinion, prevent this vote of confidence from being effective as a ratification of this contract, or conclusion against the city: Rengier v. Lancaster, 22 Lanc. Law Rev. 193.

The defeat of every express attempt to ratify this

contract by ordinance shows that the councils never intended to adopt the purchase of this machine. Neither do we think that there was such an acceptance and use of it by the highway committee, as estops the city from defending against the invalidity of the original contract for it. This case does not fall within the rulings of the courts in Sandy Lake Boro. v. Gas Co., 16 Pa. Superior Ct. 234, and similar cases cited by defendant's counsel.

The rejection of the ratification resolution in September, 1910, was notice to the plaintiff that the city repudiated the contract. The subsequent use of the machine by the highway committee for a short time in 1911, should rather be regarded as a further demonstration of its operation, with a view to influencing councils than as an acceptance and appropriation of the machine itself, by the city.

We think the case falls within the general rule that the ratification of an invalid municipal contract must be by the body originally empowered to make it, and in the manner and form required by law in the first instance. A mere motion or vote of confidence in the action of the highway committee was therefore insufficient: 28 Cyc. 676, 677, and cases cited; Plattsmouth v. Murphy, 105 N. W. Repr. 293; Spitzer v. Blanchard, 46 N. W. Repr. 400; May v. Gloucester, 55 N. E. Repr. 465; Bellevue Boro. v. Gibson, 43 Pa. Superior Ct. 561; Hinkle v. Phila., 214 Pa. 126; Dillon on Corporations (5th ed.), sec. 797, and notes.

It cannot be seriously doubted that the original verbal contract made in this case was illegal and invalid. The highway committee itself had no authority to purchase this machine under any of the city ordinances cited at the trial of the case.

They were manifestly intended to authorize the purchase of ordinary and necessary materials for the repair and maintenance of the public streets and could not be consistently construed to apply to the purchase of an

322 KINDLING MACH. CO., Appellant, *v.* YORK CITY.

Opinion of Court below—Assignment of Errors.  [54 Pa. Superior Ct.

expensive and special mechanism like this sweeping machine.

In addition to that, it is especially provided in sec. 4 of the ordinance of August 13, 1889, and by sec. 14 of the ordinance of March 5, 1903, City Digest, page 426, that contracts executed by the chairman of the highway committee shall have indorsed thereon the particular item of appropriation out of which the same shall be payable, and shall be submitted to councils for their approval, which requisites were not observed in this case.

Section 5 of art. IX, of the Act of May 23, 1889, P. L. 277, provides that in cities of the third class "every contract involving the appropriation of money shall designate the item of appropriation on which it is founded, and the estimated amount of expenditure thereunder shall be charged against such item, and so certified by the controller on the contract, before it shall take effect as a contract, and the payments required by such contract shall be made by the fund appropriated therefor."

In this case the contract was merely a verbal one, and authorized only by the highway committee. It had not been approved by councils, and no appropriation of moneys had been made for its payment, nor had it been certified by the controller as required by the statute.

The authorities are abundant to the effect that these provisions of the statute must be complied with to create municipal liability on contracts like this: Com. v. Foster, 215 Pa. 177; Harrisburg v. Shepler, 7 Pa. Superior Ct. 491; Erie v. Piece of Land, 176 Pa. 478; Brogst v. Albrecht, 2 Berks Law J. 150.

And now, to wit, September 9, 1912, the motions for a new trial and for judgment non obstante veredicto, are overruled and refused.

*Error assigned* was in giving binding instructions for defendant.

*V. K. Keesey* and *J. S. Black*, for appellant.—The approval of a contract is a ministerial act which need not be done by ordinance: Lansdowne v. Citizens' Elec. Light & Power Co., 206 Pa. 188; Seitzinger v. Tamaqua Boro., 187 Pa. 539; Howard v. Olyphant, 181 Pa. 191; Shaub v. Lancaster, 156 Pa. 362.

A municipal corporation may ratify the unauthorized acts and contracts of its agents or officers which are within the corporate powers. The ratification need not be by resolution or ordinance, but may be implied from the acceptance of the benefits of the contract and the exercise of acts of ownership: Silsby Mfg. Co. v. Allentown, 153 Pa. 319; Shiloh St., 165 Pa. 386; Hamilton Ave., 48 Pa. Superior Ct. 156; Sandy Lake Boro. v. Gas Co., 16 Pa. Superior Ct. 234; Tarentum Boro. v. Moorhead, 26 Pa. Superior Ct. 273; Findlay v. Pertz, 66 Fed. Repr. 427, 436–440.

Ratification may be implied from the acceptance of the benefits of an unauthorized contract even when the contract has been expressly repudiated: Conyers v. Kirk, 3 S. E. Repr. 442; Haney School Furniture Co. v. Hightower Baptist Inst., 38 S. E. Repr. 761; Wright v. Vineyard M. E. Church, 74 N. W. Repr. 1015; Dodsworth v. Hercules Iron Works, 66 Fed. Repr. 483; Stetson-Preston Co. v. Dodson, 103 S. W. Repr. 685.

If the city wished to disaffirm the act of the highway committee in purchasing the sweeper, it was bound to see that the sweeper was returned, or at any rate bound to see that it was not used: U. S. Water Works Co. v. Dubois Boro., 176 Pa. 439; Koch v. Oil City, 47 Pa. Superior Ct. 248; Carlisle & Finch Co. v. Sand Co., 20 Pa. Superior Ct. 378.

*John L. Rouse*, city solicitor, for appellee.

OPINION BY MORRISON, J., July 16, 1913:

This is an action of assumpsit to recover the price of a street cleaning machine alleged to have been sold to the

defendant by the plaintiff, for $1,250, through the highway committee of the city of York.

A careful examination of the record and the argument of appellant's learned counsel does not convince us that the verbal agreement made by the said committee with the plaintiff was sufficient, under the law and the ordinances of the city, to render it liable to pay for the machine. We are not convinced that said purchase was ratified by the defendant nor that there was sufficient evidence offered of ratification to carry the case to a jury.

The learned trial judge gave a binding instruction in favor of the defendant and subsequently refused a new trial and also refused judgment in favor of the plaintiff non obstante veredicto in an opinion which appears in the record. We think that opinion sufficiently vindicates the action and judgment of the court and it is not profitable or necessary for us to add to what has been so well said in the opinion by WANNER, P. J.

The assignments of error are all dismissed, and the judgment is affirmed at the costs of the appellant.